UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| FORWARD FINANCING LLC,               | * |                              |
|                                      | * |                              |
| Plaintiff,                           | * |                              |
|                                      | * |                              |
| v.                                   | * |                              |
|                                      | * | Civil Action No. 18-cv-10040-ADB |
| CARTER DOUGLAS COMPANY LLC,          | * |                              |
| JENNIFER CATES, and WAYNE CATES,     | * |                              |
|                                      | * |                              |
| Defendants.                          | * |                              |
|                                      | * |                              |

## ORDER GRANTING MOTION FOR A DEFAULT JUDGMENT

BURROUGHS, D.J.

On January 9, 2018, Plaintiff filed this action asserting one count of breach of contract against the Defendants. [ECF No. 1]. The Complaint alleges that on October 10, 2017, Plaintiff and Defendant Carter Douglas Company entered into a Future Receipt Sales Agreement (the "Agreement"), whereby Plaintiff purchased $186,875 of Carter Douglas Company's rights to future payments from its customers ("Future Receipts") at a discounted price of $125,000. Compl. ¶ 9; [ECF No. 1-3 at 1-2]. Carter Douglas Company was obligated under the Agreement to pay Plaintiff a specified amount of funds from these Future Receipts each business day until Plaintiff collected the full amount of $186,875. Compl. ¶ 10. Plaintiff deposited $125,000, less any agreed upon amounts, into Carter Douglas Company's bank account. Id. ¶ 12. Plaintiff received only $37,375 of Future Receipts before Carter Douglas Company breached the Agreement by ceasing to deliver the required Future Receipts. Id. ¶¶ 13−14. Defendants Jennifer Cates and Wayne Cates are the principals of Carter Douglas Company who agreed to, jointly and severally, assume liability and indemnify Plaintiff for any losses and damages arising out of a breach of the Agreement. Id. ¶15; [ECF No. 1-3 at 6].

On January 23, 2018, the summons and Complaint were served on each Defendant. [ECF No. 4]. On February 19, 2018, Plaintiff requested the entry of default against the Defendants after they each failed to plead or otherwise defend in this action. [ECF No. 5]. On February 22, 2018, the clerk entered defaults against the Defendants. [ECF Nos. 6-8]. The clerk also entered a standing order on motions for default judgment [ECF No 9], and notices of default were delivered to each Defendant in February or March 2018. [ECF Nos. 10-12]. On July 18, 2018, Plaintiff filed and served on Defendants the instant motion for a default judgment in the amount of $152,105, which is the total amount of Future Receipts purchased ($186,875), less the $37,375 of Future Receipts that Plaintiff collected, plus $2,605 in fees that Carter Douglas Company accrued under Section 5 of the Agreement. [ECF No. 13]. Plaintiff attributed the delay in filing the motion following the entries of default to an "administrative oversight." [ECF No. 13-1]. Accordingly, the Court will not dismiss the case for lack of prosecution.

Plaintiff filed this motion under Federal Rule of Civil Procedure 55(b)(1), which provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk . . . must enter judgment for that amount and costs." In all other cases, "the party must apply to the court for a default judgment" under Rule 55(b)(2). Fed. R. Civ. P. 55. A claim is for a "sum certain" where "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." Dogbar Fishing Charters, Inc. v. Lash, No. 2:16-CV-00373-JAW, 2016 WL 4574661, at *1 (D. Me. Sept. 1, 2016) (quoting KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003)). "Examples of a 'sum certain' include 'actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof.'" Id. (quoting KPS, 318 F.3d at 19−20). Here, Plaintiff cannot establish the amount of damages without relying on extrinsic

evidence, such as the Merchant Statement attached as [ECF No. 13-4]. Because Plaintiff's claim is not for a sum certain, the Court will review the motion under Rule 55(b)(2). See Dogbar Fishing Charters, Inc., 2016 WL 4574661, at *1 (reviewing motion under Rule 55(b)(2) where movant "[was] asking for default judgment under Rule 55(b)(1), when it should [have been] asking for default judgment pursuant to Rule 55(b)(2)"); see also Fox v. Delgado, No. 11-cv-0419, 2013 WL 552849 at *2−3 (E.D. Cal. Feb. 13, 2013) (considering the applicability of Rule 55(b)(1) and (b)(2) where movant failed to specify which subsection relief was sought).

Under Rule 55(b), the entry of default against each Defendant in this action "constitutes an admission of all facts well-pleaded in the complaint." Sec. & Exch. Comm'n v. Esposito, 260 F. Supp. 3d 79, 84 (D. Mass. 2017) (quoting Vazquez-Baldonado v. Domenech, 792 F. Supp. 2d 218, 221 (D.P.R. 2011)). Accordingly, Defendants are "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability." Id. (quoting In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002)). With regard to damages, Fed. R. Civ. P. 55(b)(2) provides that the court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." A hearing, however, is not necessarily required, particularly where the pleadings and the moving party's affidavits establish the amount of the default judgment. See In re The Home Restaurants, Inc., 285 F.3d at 114–15 (holding that district court did not abuse its discretion by entering default judgment without first holding an evidentiary hearing, where there was "no uncertainty about the amounts at issue," the pleadings contained "specific dollar figures," and the court requested and received affidavits in support of the default judgment).

Here, Plaintiff attached to the Complaint a fully executed copy of the Agreement and adequately alleged that Carter Douglas Company breached the Agreement by failing to make the required payments other than the $37,375 that Plaintiff received, and that the individual Defendants refused to indemnify Plaintiff for Carter Douglas Company's defaulted payments. Moreover, the Agreement plainly reflects the purchase price of $125,000 and the value of Future Receipts sold as $186,875. [ECF No. 1-3 at 1]. The affidavit of Plaintiff's Collections Planning and Management Supervisor, with an attached Merchant Statement identifying the Future Receipts payments made and the fees accrued, further substantiates the damages alleged. [ECF No. 13-3, 13-4]. These supporting documents confirm that Plaintiff received only $37,375 of the $186,875 owed before Carter Douglas Company ceased making payments, and that Carter Douglas Company accrued fees in the amount of $2,605. The difference between the total amount of Future Receipts owed and the amount received, plus the accrued fees, is $152,105.

Accordingly, as Plaintiff has sufficiently established liability and damages through its allegations and supporting evidence, and shown that Defendants are not minors, incompetent persons, or subject to the Servicemembers Civil Relief Act [ECF Nos. 13-1, 13-2], the motion for a default judgment [ECF No. 13] is <u>GRANTED</u> against Carter Douglas Company, Jennifer Cates (as indemnitor), and Wayne Cates (as indemnitor), in the total amount of $152,105.

**SO ORDERED.**

August 3, 2018                                    /s/ Allison D. Burroughs
                                                  ALLISON D. BURROUGHS
                                                  U.S. DISTRICT JUDGE